## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

CIVIL ACTION NO. 08-374-C

RONALD W. MORRIS,                                              PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

CITY OF SHEPHERDSVILLE, ET AL.,                               DEFENDANTS.

* * * * * * * * * *

This matter is before the court on the defendants' motion to dismiss or, in the alternative, abstain.  R. 5.  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion to dismiss and grant the motion to abstain.

I.    **Background**

This action arises out of the termination of the plaintiff, Ronald W. Morris, as chief of police for the City of Shepherdsville, Kentucky ("the City").  Joe Sohm, the City's previous mayor, hired the plaintiff, and the plaintiff openly supported Sohm in his re-election campaign.  During the campaign, Sherman Tinnell, Sohm's challenger, allegedly stated that, if elected mayor, he would terminate Morris.  Tinnell defeated Sohm in the mayoral race and took office in January 2007.

As the City's newly elected mayor, Tinnell discharged Morris on July 27, 2007, for insubordination.  Morris challenged his termination before the City's Civil Service Commission ("the Commission").  The Commission held hearings in October and November 2007 and found that Morris's termination was proper.

On October 2, 2007, before the Commission completed its inquiry, Morris filed an action against the City in Bullitt Circuit Court, alleging that his termination violated the Kentucky Whistleblower Act, KRS 61.101, *et seq.*; the Kentucky Policeman's Bill of Rights, KRS 15.520; and KRS 95.765. The Commission issued its decision on November 8, 2007, and affirmed Mayor Tinnell's actions. Then, on December 7, 2007, Morris filed another action against the City in Bullitt Circuit Court seeking judicial review of the Commission's decision, which was later consolidated with the first action.

Upon reviewing motions for summary judgment by both parties, the Bullitt Circuit Court dismissed the plaintiff's claims based on the Kentucky Policeman's Bill of Rights, KRS 15.520, and KRS 95.765 and denied the petition seeking judicial review of the Commission's decision. The Bullitt Circuit Court denied the motions for summary judgment regarding the plaintiff's whistleblower claim. Both parties moved the Bullitt Circuit Court for reconsideration of its order, and these motions are still pending. In addition, the plaintiff moved that the state-court judge recuse himself in this matter.

On July 16, 2008, the plaintiff filed his complaint in the instant action. Three months later the defendants moved for dismissal or, alternatively, abstention.

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant

fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson,* 335 U.S. 41, 47 (1957)).  In order to avoid a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff has an obligation to provide the grounds of his entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-1965.  This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson,* 127 S.Ct. at 2200 (citing *Twombly*).

## III.     Analysis

The defendants move this court to dismiss this action on the grounds of *res judicata* and claim splitting, or, in the alternative, to abstain until the resolution of a related state-court action currently underway in Bullitt Circuit Court.

### A.     *Res Judicata* and Claim Splitting

"The "Full Faith and Credit statute," 28 U.S.C. § 1738, requires federal courts in a § 1983 action to give state-court judgments the same preclusive effect those judgments would have in the rendering state's courts." *Bates v. Township of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) (citing *Migra v. Warren City. School District Board of Education*, 465 U.S. 75, 80-82 (1984)).  Accordingly, federal

3

courts must look to the particular state's law of *res judicata* when deciding whether to give preclusive effect to a state-court determination. *See Knott v. Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005).

In addition to barring claims raised in prior litigation from being brought in a subsequent action, Kentucky's interpretation of the law of *res judicata* precludes all claims which should have been raised in the prior litigation. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 521 (6th Cir. 2004). Under Kentucky law, "a party may not split [its] cause of action[;] therefore, if a cause of action should have been presented and the party failed to do so and the matter should again arise in another action, it will be held that the first action was *res adjudicata* as to all causes that should have properly been presented." *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970).

For *res judicata* to apply, three conditions must be met. "First, there must be identity of parties. Second, there must be identity of the two causes of action. Third, the action must be decided upon its merits." *DLX, Inc.*, 381 F.3d at 521 n. 6 (quoting *Newman*, 451 S.W.2d at 419). If these three requirements are met, *res judicata* will bar the claims that were actually litigated in the prior action as well as all other claims that arose out of the same transaction. *See Watts v. K, S & H*, 957 S.W.2d 233, 235 (Ky. 1997) ("The rule against splitting causes of action is an equitable one which limits all causes of action arising out of a single "transaction" to a single suit rather than proceeding piecemeal in multiple actions).

4

The first requirement, identity of parties, is satisfied because the City is a defendant in both actions, as is Mayor Tinnell in his official capacity. Even though he is not a party to the action in Bullitt Circuit Court, either individually or officially, sufficient identity of parties exists in regard to his official capacity because a suit against a city official in his official capacity is fundamentally a suit against the city itself. *See Estate of Clark ex rel. Mitchell v. Daviess County, Kentucky*, 105 S.W.3d 841, 844 (Ky. Ct. App. 2003) ("Any action against fiscal court members in their official capacities is essentially an action against the county"). While *res judicata* might apply to the claim against Mayor Tinnell in his official capacity, it cannot apply to the claim against him in his individual capacity. Typically, "*res judicata* does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). In the state-court action, Mayor Tinnell was not named as a party in any capacity. Therefore, *res judicata* cannot bar the plaintiff's claim against him in his individual capacity.

Next, identity of the causes of action must be present. This requirement does not mean that the legal theories for both causes of action must be the same. *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *4 (6th Cir. Sept. 14, 1998). Instead, the court "looks beyond the legal theories asserted to see if the two claims stem from the same underlying factual circumstances." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS, § 24). To do this, the court must "determine the

5

dimension or scope of the claim in the prior suit." *Id.*, at *3.  Kentucky uses a

"transactional approach" to determine identity of the causes of actions, and that

transaction is "the basis of the litigative unit or entity which may not be split." *Id.*,

at *4.  However, *res judicata* will not bar a subsequent claim "if the prior claim was

based on matters which are 'not germane to, implied in or essentially connected

with the actual issues in the [second] case although they may affect the ultimate

rights of the parties and might have been presented in the former action.'" *Id.*

(quoting *Watts*, 957 S.W.2d at 238).

    In the instant action, the plaintiff alleges that Mayor Tinnell and the City

retaliated against him for endorsing and supporting former Mayor Sohm and for

making "numerous disclosures of harassment and suspected illegal/unethical

activity." R. 1.  In his whistleblower claim in state court, Morris alleges that the

City retaliated against him for disclosing "facts and information relative to actual or

suspected mismanagement, waste, fraud, abuse of authority, violations of law and

statute." R. 5-6.  The factual basis for both actions is the alleged retaliation

against and wrongful termination of the plaintiff.  Indeed, the plaintiff concedes

that "some of the same facts and arguments may be made in both forums." R. 6,

at p. 3.  Although the claims made in state court do not exactly mirror those raised

in the instant action, both actions arose out of the same transaction.  Therefore,

identity of the causes of action has been established.

    The plaintiff argues that *res judicata* does not bar the instant action because

his state and federal claims do not involve the same causes of action.  Morris relies on three Sixth Circuit cases[1] where the court held that the causes of action were not the same even though the state and federal actions arose out of the same set of facts.  However, the Sixth Circuit has interpreted Kentucky's law of *res judicata* and claim-splitting inconsistently.  *DLX, Inc.*, 381 F.3d at 521 n. 6.  Nonetheless, the Supreme Court of Kentucky maintains that "the rule against splitting causes of action precludes successive actions arising from one transaction."  *Moorhead v. Dodd*, 265 S.W.3d 201, 204 (Ky. 2008).  This court must apply Kentucky's law of *res judicata* when determining the preclusive effect of a Kentucky court's decision. *Knott*, 418 F.3d at 567.  Using the Kentucky Supreme Court's broad interpretation of "identity of the causes of action," the court finds that the plaintiff's instant § 1983 claim and his state-law claims arise out of the same transaction.  Therefore, the second requirement for *res judicata* – identity of the causes of action – is satisfied.

Finally, in order for *res judicata* to apply, the first action must be "decided upon its merits."  *DLX, Inc.*, 381 F.3d at 521 n. 6 (quoting *Newman*, 451 S.W.2d at 419).  The Bullitt Circuit Court dismissed Morris's petition for judicial review of the Commission's ruling and his claims under KRS 15.520 and 95.765.  However, the motions for summary judgment of the plaintiff and defendant on the remaining

---

[1]*Barnes v. McDowell*, 848 F.2d 275 (6th Cir. 1988), *Wicker v. Board of Education of Knott County, Kentucky*, 826 F.2d 442 (6th Cir. 1987), and *Stemler v. Florence*, 350 F.3d 578 (6th Cir. 2003).

counts of the complaint, including the claim under Kentucky's Whistleblower Act, KRS 61.101, *et seq.*, were denied, a conclusion which both parties have asked the Bullitt Circuit Court to reconsider.  Thus, the court finds that a final decision on the merits has not been made.  At this time, therefore, *res judicata* does not bar the plaintiff from bringing this action.

### B.    Abstention

In the alternative, the defendants move for the court to abstain and stay the matter pending resolution of the related state-court proceedings.  The defendants argue that abstention is appropriate under both *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Younger v. Harris*, 401 U.S. 37 (1971).

### 1.    *Colorado River* Abstention

In order to determine whether abstention under *Colorado River* is appropriate, the court first must determine whether the present case is "parallel" to the state-court case.  *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998).  The court finds that the cases are "parallel" because "'the two proceedings are substantially similar'" in that each arises from the plaintiff's termination.  *Id.* (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Eight factors may be considered by a district court in determining whether abstention of a "parallel" action is justified by considerations of "wise judicial administration":

(1) If property is involved, which court first assumed jurisdiction over it.

8

(2) The convenience of the federal forum to the parties.

(3) Whether abstention would avoid "piecemeal litigation."

(4) Whether the state or federal court first obtained jurisdiction.

(5) Whether a decision on the merits would be based on federal law or state law.

(6) Whether the state court proceedings are adequate to protect the rights of the federal plaintiff.

(7) Which proceedings are more advanced.

(8) Whether concurrent jurisdiction is present or absent.

*Id.* at 818-19. *See also United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001); *Romine*, 160 F.3d at 340-41. The court must balance these factors, but they are not a "mechanical checklist," *Romine*, 160 F.3d at 341, and "[n]o one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818.

The first factor is irrelevant since property is not at issue. Second, the close proximity of the federal courthouse in Louisville to the state courthouse in Shepherdsville minimizes the significance of the convenience-of-the-federal-forum factor. In this case, abstention may avoid "piecemeal litigation" since a final decision in the state-court matter may bar the instant action due to Kentucky's law against claim-splitting. The advanced stage of the state-court proceedings weighs heavily in favor of abstention, since discovery and dispositive motions have been completed in the state-court actions while the defendants have yet to file their

answers in the present case.  Furthermore, the state-court whistleblower complaint was filed over nine months before the commencement of the federal case, and the petition for judicial review was filed over seven months before the federal action. Because federal and state courts share concurrent jurisdiction over § 1983 claims, the plaintiff could have raised this claim in the state-court proceeding.  There is no reason that the state court should not adequately protect the plaintiff's rights.  The only factor that weighs against abstention is the fact that the source of law governing the plaintiff's § 1983 claims is federal law.  While this factor is compelling, the court finds the balance of the *Colorado River* factors supports abstention.

### 2.    *Younger* Abstention

Even if *Colorado River* abstention did not apply, *Younger* abstention provides an alternative ground for abstention in this case.  "[T]hree considerations have emerged for determining whether abstention is appropriate" under the *Younger* doctrine: "(1) whether the underlying proceedings constitute ongoing state judicial proceedings, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge."  *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).  Moreover, "[w]here a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain."  *Id.*  While *Younger* involved criminal proceedings, the doctrine can

10

apply to civil cases, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, (1975), and administrative proceedings, *see Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627-28 (1986).  *See also Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 434-35 (1982).

The court finds that all three of the *Younger* criteria apply here.  First, state proceedings are underway.  *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) ("[W]hen determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed.  It remains pending until a litigant has exhausted his state appellate remedies.") (citation omitted).  Second, the state-court action implicates important state interests, namely the disciplining of a local law-enforcement official and enforcing the state's whistleblower statute.  *See Ohio Civil Rights Com'n*, 477 U.S. at 627-28 (noting that *Younger* justifies abstention during administrative proceedings aimed at "the elimination of prohibited sex discrimination," which "is a sufficiently important state interest" so long as there is "an adequate opportunity to raise . . . constitutional claims").  Third, the federal constitutional claims can be raised in the state proceedings.  *See Maine v. Thiboutot*, 488 U.S. 1, 11 (1980) (noting that actions under 42 U.S.C. § 1983 may be brought in state court).

The plaintiff argues against abstention because the issues before this court are not identical to those before the state court.  Morris notes that the state

11

lawsuits do not allege that he was terminated based on his political activities and his exercise of First Amendment rights. However, even if the issues raised in this court are not exactly the same as those raised in state court, nothing prevented the plaintiff from including all of the claims asserted here in the state-court action. Moreover, even though it appears the state-court action does not presently contain all of the claims asserted in this action, the plaintiff has not stated why he was unable to pursue those claims in the state-court action. As the Supreme Court has noted, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Therefore, the court finds that the *Younger* doctrine applies and will stay its hand until the resolution of the state-court proceedings.

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss, R. 5, is **DENIED** as to the claim against Sherman Tinnell in his individual capacity, and **DENIED WITHOUT PREJUDICE** to its reassertion as to the claim against the City of Shepherdsville and Mayor Sherman Tinnell in his official capacity.

**IT IS FURTHER ORDERED** that the defendants' motion to abstain, R. 5, is **GRANTED** and this action is **STAYED** pending the resolution of the related state-

court proceedings.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within thirty days of the disposition of the state-court proceedings, or by May 4, 2009, whichever is earlier. The parties shall address the status of this case and offer a plan for the resolution of any outstanding issues.

Signed on March _**1**_, 2009

JENNIFER B. COFFMAN, JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY